IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS A. BIBLE, #B83198, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-00325-JPG |
| | ) |
| MICHAEL STRATTON, HARJU, | ) |
| ROBERT BURNS, BRENDEN WELLS, | ) |
| RAYMOND COOPER, | ) |
| DAVID TOWNSEL, JESUS AGUIRRE, | ) |
| EDWIN HUNES, WILLIAM STEWART, | ) |
| MASAMUSA MALIK, KAELEN POSEY, | ) |
| and MICHAEL BROWN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). In the complaint, Plaintiff claims that he was attacked by nine inmates in 2013, during his incarceration at Jackson County Jail (Doc. 1, p. 2). Plaintiff now sues three Jackson County officials, including the sheriff (Defendant Burns), the central control officer (Defendant Harju), and a corporal (Defendant Stratton), for failing to protect him from the assault (Doc. 1, pp. 2-3). Plaintiff also sues his attackers. He asserts claims against all defendants under the Eighth Amendment and Illinois law (Doc. 1, p. 1). Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief.

**Merits Review Under 28 U.S.C. § 1915A**

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner

1

complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

According to the complaint, Plaintiff was the victim of a racially motivated attack at Jackson County Jail ("Jail") on February 3, 2013 (Doc. 1, p. 3). On that date, Plaintiff and two fellow inmates learned that they were being targeted for an assault by several other inmates.

Plaintiff wrote a "kite" advising Jail officials of the impending attack and requesting the officials' immediate intervention.

Around four o'clock, Plaintiff handed the note to Defendant Stratton.  As he did so, Plaintiff told Defendant Stratton that it was very important to "read the kite and act swiftly due to the threats of great bodily harm against Plaintiff" and other inmates.  Defendant Stratton took no action to prevent an attack.

At approximately five o'clock the same day, nine inmates attacked Plaintiff and several others (Doc. 1, p. 4).  Plaintiff was punched, kicked, and slammed onto the concrete floor.  He suffered "lacerations, . . . contusions and abrasions."  Just before losing consciousness, Plaintiff engaged the panic button.  This should have alerted Jail officials to the attack and prompted a response from Defendants Harju and/or Stratton.  Neither Defendant responded.

As a result of the assault, Plaintiff sustained physical injuries, which required treatment at a local hospital.  He received one staple in his head.  Plaintiff now suffers from severe migraine headaches, abdominal pain, breathing difficulties, and psychological trauma (Doc. 1, pp. 4-5).

The nine perpetrators received thirty days in lockdown and a loss of privileges (Doc. 1, p. 6).  However, one week after the attack, two of the perpetrators returned to "G" Block, where Plaintiff and several other victims were housed.  Jail officials took no action to prevent another assault, beyond observing the inmates briefly.

Plaintiff now sues Defendants Stratton, Harju, and Burns for violating his right to be free from cruel and unusual punishment under the Eighth Amendment.  Plaintiff also sues Defendants Stratton, Harju, and Burns under Illinois law for negligence, assault, battery, and emotional distress.  Finally, Plaintiff sues his nine inmate attackers for battery and hate crimes under Illinois law and for violating his Eighth Amendment rights (Doc. 1, p. 6).

**Discussion**

**Count 1: Eighth Amendment Claim**

After carefully considering the allegations in the complaint, the Court finds that it states a colorable Eighth Amendment failure to protect claim (**Count 1**) against Defendants Stratton and Harju, but no one else. In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer,* 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.; Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). However, conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

At this early stage, the complaint suggests that Defendants Stratton and Harju were on notice of the impending or actual attack, yet failed to intervene to stop it. The Court cannot dismiss Plaintiff's Eighth Amendment failure to protect claim against these defendants at this

4

point. Accordingly, Plaintiff shall be allowed to proceed with Count 1 against Defendants Stratton and Harju.

Plaintiff cannot proceed with Count 1 against any other defendants. The nine inmate attackers are not "state actors" who are subject to suit under § 1983. "Section 1983 creates a federal remedy against anyone who, under color of state law, deprives 'any citizen of the United States . . . of any rights, privileges, or immunities secured by the Constitution and laws.'" *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012) (quoting 42 U.S.C. § 1983). Because the inmates were not acting "under color of state law" when they allegedly attacked Plaintiff, he cannot proceed against them in this § 1983 action. Count 1 shall therefore be dismissed against the nine inmate perpetrators, including Defendants Wells, Cooper, Townsel, Aguirre, Hunes, Stewart, Malik, Posey, and Brown.

Count 1 shall also be dismissed against Defendant Burns. Although he is considered a "person" who is subject to suit under § 1983, the allegations in the complaint state no viable Eighth Amendment claim against him. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). However, "[s]upervisory liability will be found . . . if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it." *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997); *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001).

Defendant Burns is sued in both his individual and official capacities.  However, the complaint contains no substantive allegations against him.  Despite this fact, the "claim for relief" refers to "[t]he failure of Defendant Burns to take disciplinary action or other action to curb the known pattern of physical abuse of inmates by [D]efendants Stratton and Harju" (Doc. 1, p. 5).  It also refers to Defendant Burns' "failure or refusal to take action to protect [P]laintiff and others once [D]efendant Stratton was put on notice" of the impending attack (Doc. 1, p. 6).  However, no allegations suggest that there was a "pattern of physical abuse" caused by Defendants Stratton and Harju.  Further, nothing in the complaint suggests that Defendant Burns was ever on notice of the attack at issue.  Therefore, the complaint states no failure to protect claim against Defendant Burns in his individual or official capacity.

It is also not necessary to keep Defendant Burns in this action, based on Plaintiff's request for injunctive relief.  Plaintiff is no longer incarcerated at the Jail.  He is now housed at Menard.  "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot."  *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004).  *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995).  Only if Plaintiff can show a realistic possibility that he would again be incarcerated at the Jail under the conditions described in the complaint, would it be proper for the Court to consider injunctive relief.  *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)).  The complaint includes no allegations to this effect.

To summarize, Plaintiff shall be allowed to proceed with **Count 1** against Defendants Stratton and Harju.  However, this claim shall be dismissed against all other defendants.

**Counts 2, 3, and 4: First, Fifth, and Fourteenth Amendment Claims**

In the introductory paragraph of the complaint, Plaintiff mentions violations of his First (**Count 2**), Fifth (**Count 3**), and Fourteenth (**Count 4**) Amendment rights. However, the Court finds no other references to these amendments in the body of the complaint. These amendments are not mentioned in connection with any particular defendant's conduct. The complaint also does not allude to claims that typically arise under the First, Fifth, and Fourteenth Amendments. The Court and Defendants are left to guess what claims Plaintiff is attempting to raise.

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief, so that the defendant has fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. 544, 555 (2007). Under this standard, the complaint states no claim against any defendants under the First, Fifth, or Fourteenth Amendments. Accordingly, **Counts 2, 3,** and **4** shall be dismissed without prejudice against all defendants.

**Count 5: Illinois State Law Claims**

Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). The Court has original jurisdiction over this § 1983 action. Because the state claims and federal

claims allegedly arise from the same facts, the district court also has supplemental jurisdiction over Plaintiff's related state law claims.

Plaintiff has been allowed to proceed with his federal claim in **Count 1** against Defendants Stratton and Harju.  He shall also be allowed to proceed with his state negligence and emotional distress claims (collectively "**Count 5**") against the same defendants.  However, the assault and battery claims against these defendants fail, based on the absolute lack of allegations in the complaint suggesting that either defendant committed these torts.

Count 5 shall also be dismissed against all other defendants.  Plaintiff has not been allowed to proceed with any federal claims against the remaining defendants.  Because the federal claims against these defendants shall be dismissed, the Court also declines to exercise supplemental jurisdiction over the related state law claims against them.  *See* 28 U.S.C. § 1367(c)(2)-(4).  This includes all state law claims against Defendants Burns, Wells, Cooper, Townsel, Aguirre, Hunes, Stewart, Malik, Posey, and Brown, which shall be dismissed without prejudice so that Plaintiff can pursue these claims in state court should he choose to do so.

**Pending Motion**

Plaintiff filed a motion to appoint counsel (Doc. 3), which shall be referred to a United States Magistrate Judge.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNTS 2, 3,** and **4** are **DISMISSED** without prejudice from this action.

**IT IS FURTHER ORDERED** that Defendants **BURNS**, **WELLS, COOPER, TOWNSEL, AGUIRRE, HUNES, STEWART, MALIK, POSEY** and **BROWN** are **DISMISSED** without prejudice from this action.

As to **COUNTS 1** and **5**, the Clerk of Court shall prepare for Defendants **STRATTON** and **HARJU**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including a decision on Plaintiff's motion to appoint counsel (Doc. 3).  Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  April 7, 2014**

*s/ J. Phil Gilbert*
**U.S. District Judge**